UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

CIVIL ACTION NO. 11-15-GWU

SUSAN L. YORK,                                                    PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

### INTRODUCTION

On October 7, 2009, an Administrative Law Judge (ALJ) issued a decision denying the claim of Susan York for Disability Insurance Benefits. (Tr. 10-18). The claimant brought this action in federal district court to obtain judicial review. The case is currently before the court on the plaintiff's motion for a remand of the action for the consideration of "new and material" evidence pursuant to sentence six of 42 U.S.C. § 405(g). The defendant opposes the motion.

### DISCUSSION

York submitted several additional medical records directly to the Appeals Council and the court which were never seen by the ALJ. This action raises an issue concerning a remand for the taking of new evidence before the Commissioner. Cotton v. Sullivan, 2 F.3d 692 (6th Cir. 1993).

A court may order additional evidence be taken before the Commissioner, " . . . but only upon a showing that there is new evidence to be taken which is

1

material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ." 42 U.S.C. § 405(g).  The statute provides that a claimant must prove that the additional evidence is both "material" and that "good cause" existed for its not having been submitted at an earlier proceeding.  Sizemore v. Secretary of Health and Human Services, 865 F.2d 709, 710 (6th Cir. 1988).  In order to demonstrate "materiality," a claimant must show that a reasonable probability exists that the Commissioner would have reached a different conclusion if originally presented with the new evidence.  Sizemore, 865 F.2d at 711.  The party seeking the remand bears the burden of showing that a remand is proper under § 405.  Willis v. Secretary of Health and Human Services, 727 F.2d 551 (6th Cir. 1984).

The medical records with which York seeks a remand of the action include Medical Assessments of Ability to Perform Work-Related Activities from Dr. Bradley Mullen (Tr. 458-460), Dr. Patrick Burns (Tr. 463-465), and Dr. Michael Woods (Tr. 474-476), two letters from Dr. Robert Noelker (Tr. 469-470) and a Mental Assessment of Ability to Do Work-Related Activities Form from Dr. Noelker (Docket Entry No. 9, Attachment 1).[1]  These records reveal extensive mental (Dr. Noelker) and physical (Dr. Mullen, Dr. Burns, and Dr. Woods) restrictions.  After review of the

---

[1]Dr. Noelker's mental assessment was the only new evidence not submitted to the Appeals Council and included in the transcript.  The other documents were attached to plaintiff's Motion to Remand at Docket Entry No. 7, Attachments 4-7, as well as included in the Transcript as Exhibits 27-30.  (Tr. 4).

2

evidence presented, the undersigned concludes that the plaintiff's motion must be denied.

York asserts that "good cause" exists for not submitting these documents into evidence prior to the issuance of the ALJ's final decision on October 7, 2009 because she was not represented by counsel before the ALJ.  Following the denial decision, Attorney Michael Arnold took over York's case and found what he believed was extremely probative and relevant medical evidence from the aforementioned sources which was submitted to the Appeals Council.  However, the Appeals Council denied review on December 9, 2010 and this appeal was taken to federal court.  (Tr. 1-3).

The record reveals that at the administrative hearing, the ALJ carefully explained the benefits of being represented by an attorney to York.  (Tr. 21-22). She elected to proceed without legal representation.  (Tr. 22).  The plaintiff indicated she had previously signed a waiver of representation.  (Id.).  When a claimant is not represented by legal counsel, the ALJ has a heightened duty to fully and fairly develop the record.  Lashley v. Secretary of Health and Human Services, 708 F.2d 1048 (6th Cir. 1983).  Therefore, to establish "good cause" for failure to submit these medical documents prior to the issuance of the ALJ's final decision on October 7, 2009, York must show that the ALJ breached this duty to fully and fairly develop the record.

York's main argument concerns the information provided by Dr. Noelker.  On March 2, 2010, the doctor noted a diagnosis of an anxiety disorder and a pain disorder affecting both psychological factors and her general medical condition.  (Tr. 469).  Dr. Noelker indicated that the plaintiff would be severely impaired in several areas of functioning due to her mental condition such as in relating to others including co-workers, supervisors, and the public and tolerating the stress of daily work activity.  (Id.).  In June, 2010, the doctor indicated that her condition had deteriorated and decompensated since the previous March.  (Tr. 470).  In April of 2011, the physician completed a mental assessment form identifying extremely severe mental limitations and noted that she had been totally disabled since June 1, 2006.[2]  (Docket Entry No. 9, Attachment 1).

York asserts that this new information from her treating mental health source supports her claim that she was totally disabled prior to October 9, 2009.  However, the court notes that the Transcript Index does not indicate that Dr. Noelker saw the plaintiff during the relevant time period.  The letters from the doctor submitted to the Appeals Council and court also do not indicate a treating relationship during the pertinent time period.  (Tr. 469-470).  With regard to developing the record, the ALJ cannot be faulted for failure to obtain evidence from a physician whom the claimant had not yet seen.  The record before the ALJ did include a consultative mental

---

[2]June 1, 2006 was the claimant's alleged onset date of disability.  (Tr. 10).

health examination from Dr. Kevin Eggerman who made only modest findings with regard to her mental status.  (Tr. 317-325).  This examination indicates that the administration made an effort to develop evidence with regard to the plaintiff's mental condition.  Psychologists Ilze Sillers (Tr. 335) and Edward Stodola (Tr. 371) also reviewed the record and opined that it did not reveal the existence of a "severe" mental impairment.  Therefore, since the record with regard to the claimant's mental status was fully and fairly developed, she was not prejudiced by being unrepresented by legal counsel and, so, "good cause" for failure to submit this evidence in a timely fashion is not established.

The court also finds that the evidence from Dr. Noelker is not "material."  As previously noted, the first information from the physician is dated March 2, 2010, some five months after the ALJ's final decision on October 9, 2009.  This is more than enough time for York's mental condition to have deteriorated significantly.  The fact that  Dr. Eggerman, who examined the plaintiff during the relevant time period, and the medical reviewers all found no more than minor mental problems suggests that significant mental deterioration occurred after October 9, 2009.  Dr. Noelker himself reported deterioration and decompensation between March, 2010 and June, 2010, well after the relevant time period.  (Tr. 470).  While Dr. Noelker indicated on the April, 2011 assessment that the identified mental problems "related back" to the alleged onset date of June 1, 2006, the doctor did not specifically indicate what evidence he relied upon to reach this conclusion.  In the absence of such evidence,

5

the opinion appears speculative.  Therefore, the court finds that "materiality" was also not established.

The court also finds that no breach of the ALJ's duty to fully and fairly develop the record occurred with regard to the physical function assessment from Dr. Mullen and, so, "good cause" does not exist for the failure to submit the physician's physical functional capacity assessment into the record.  Dr. Mullen completed an Attending Physician Statement which was before the ALJ.  (Tr. 406-408).  The doctor restricted the plaintiff to less than a full range of sedentary level work.  (Tr. 407).  These physical restrictions were essentially consistent with those reported on the assessment submitted to the Appeals Council and court.  (Tr. 407, 458-460).  Since the ALJ already had a statement from this treating source concerning the claimant's physical limitations, the undersigned sees no reason that she should have sought another statement in order to fully and fairly develop the record.   Therefore, "good cause" is not established.

Dr. Mullen's assessment would also not appear to be "material."  The form is dated January 18, 2010, more than three months after the entry of the ALJ's final decision, and, so, outside the relevant time period.  (Tr. 460).  The doctor states that "at present, Ms. York is totally and completely physically disabled." (Id.). (Emphasis added).  Thus, the restrictions would not necessarily "relate back" to the earlier time frame.

The court finds no breach of the ALJ's duty to develop the record with regard to the physical assessment from Dr. Burns.  The ALJ had the opportunity to review extensive treating records from Dr. Burns.  (Tr. 225-302).  The current record does not indicate that Dr. Burns treated the plaintiff after January, 2007.  (Tr. 227).  The ALJ had access to a number of opinions concerning the plaintiff's physical capacity from other treating, examining and reviewing sources such as Dr. Mullen (Tr. 407), Dr. Martin Fritzhand (Tr. 329), Dr. Robert Brown (Tr. 349-356) and Dr. Carlos Hernandez (Tr. 385-392).  Under these circumstances, the court sees no reason for the ALJ to have obtained another assessment from Dr. Burns whose treating relationship with the claimant appears to have been rather distant at the time of the October, 2009 denial decision.  Therefore, the undersigned does not find "good cause" for the failure to submit this evidence in a timely fashion.

Dr. Burns's assessment was dated January 26, 2010.  (Tr. 465).  This was more than three months after the October 9, 2009 date of the ALJ's final decision. The included restrictions would not necessarily "relate back" to the pertinent time frame.  Therefore, the assessment is not "material."

With regard to the assessment of Dr. Wood, the court notes that there is no evidence in the Transcript or from York after the denial decision indicating that the physician was a treating or examining source during the relevant time period. Again, the ALJ could not be faulted for failing to obtain evidence from a physician the plaintiff had not seen.  Therefore, the ALJ did not breach her duty to fully and

fairly develop the record with regard to Dr. Wood and the claimant has not established "good cause" for failure to incorporate this document into the record in a timely fashion.

Finally, Dr. Wood's assessment was dated August 20, 2010. (Tr. 476). This was more than 10 months after the ALJ's final decision was issued in October of 2009 and, so, also does not necessarily "relate back" to the pertinent time frame. Therefore, the court cannot find that it was "material."

For the aforementioned reasons, the court must reject York's motion for a remand for the consideration of new evidence before the Commissioner. The plaintiff will need to proceed with the filing of a summary judgment motion to determine whether the ALJ's final decision was supported by substantial evidence.

This the 11th day of May, 2011.

**Signed By:**

**G. Wix Unthank**

**United States Senior Judge**